# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin Williams, Jr., <br><br>　　　　　Petitioner, <br><br>v. <br><br>Ryan Thornell, et al., <br><br>　　　　　Respondents. | No. CV-25-00980-PHX-GMS <br><br>**ORDER** <br>**and** <br>**DENIAL OF CERTIFICATE OF APPEALABILILTY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle (Doc. 16). The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus be denied. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 11 (citing Fed. R. Civ. P. 6, 72 and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner filed objections on October 22, 2025 (Doc. 17). No reply to Petitioner's Objections has been filed.

The R&R summarizes that Petitioner presents three grounds for relief in the Petition and that Petitioner's claims are procedurally defaulted because he did not raise them on direct appeal and they were precluded from review on post-conviction relief. The R&R further states Petitioner presents no cause and prejudice to excuse the procedural default of his claims and that Petitioner would not be entitled to relief on any of his claims. (Doc. 16, p.1)

In his objections, Mr. Williams asserts he was deprived of his constitutional

protection by "…the affidavit for the search warrant was not in the record therefore depriving Mr. Williams of the right to defend against all accusation.".  (Doc. 17, p. 4). Petitioner further asserts he was never taken before the magistrate judge to determine probable cause from the events which occurred leading up to the stop or search.  (*Id*.). However, as the R&R sets forth, Petitioner's claims are unexhausted because they were not raised on direct appeal and subsequently precluded from review in PCR proceedings. (Doc. 16, pp. 4-8).

Mr. Williams continues to raise arguments that have been addressed at the trial court level, in PCR Proceedings, by Direct Appeal and the instant federal habeas proceeding.

Petitioner further objects to the R&R asserting that the Arizona Court of Appeals erred, alleging there was a conflict of interest with the appellate attorney when the appellate attorney refused to raise issues that Petitioner wanted raised but was denied the request by his counsel.  Petitioner asserts counsel was ineffective for not raising material issues and that counsel lied to defendant that the search warrant is not part of the record and that Petitioner was indicted on this case.  As the R&R sets forth, the Arizona Court of Appeals affirmed the convictions and sentences.

Mr. Williams' objections to the denial of his arguments fail because they are merely a repetition of arguments he has previously made.  The R&R did not err in recommending denial of Petitioner's Petition for Writ of Habeas Corpus.

The Court agrees with the Magistrate Judge's determinations.  Williams' objections do not refute the resulting conclusions of the R&R.

The Court thus accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 16) is accepted.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying
2  Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc.
3  1) with prejudice.  The Clerk shall terminate this action.
4  Rule 11 of the Rules Governing Section 2254 Cases in the United States District
5  Courts requires the district court to "issue or a deny a certificate of appealability when it
6  enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate
7  of appealability is denied because Mr. Williams he has not made the requisite showing of
8  the denial of a constitutional right.
9  Dated this 13th day of January, 2026.

_____
G. Murray Snow
Senior United States District Judge